## SETON v. EXCHANGE BANK OF PERRY.

### No. 4857.   Opinion Filed July 27, 1915.

#### (150 Pac. 1079.)

1. **BILLS AND NOTES—Negotiability—Certainty—Amount.** The provision in a promissory note, "* * * If suit is begun, judgment may be taken for an additional $15.00 and ten per cent. of the amount due for attorney's fees," does not render the amount to be paid uncertain, under the provisions of the Uniform Negotiable Instruments Act, which went into effect June 11, 1909 (section 4052, Rev. Laws 1910), and therefore, does not render the note non-negotiatble.

2. **SAME—Holder in Due Course—Sufficiency of Evidence.** The evidence in this case shows that the bank purchased the note in suit for value, in good faith, in the due course of business, before maturity; and there is no evidence to show that it had any notice of defects or infirmities in the paper, or of any equitable defense thereto.

(Syllabus by Brewer, C.)

*Error from District Court, Noble County;*
*W. M. Bowles, Judge.*

Suit by the Exchange Bank of Perry against Clark Seton.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*P. W. Cress,* for plaintiff in error.

*H. E. St. Clair,* for defendant in error.

Opinion by BREWER, C.   This is a suit by the Exchange Bank of Perry against Clark Seton, the maker, on a promissory note in the sum of $1,000, interest, and costs.   Edwin Clark was the original payee in the note, and indorsed the same to the bank, but was not served with process, and is, in reality, not in this case.

The petition consisted of the usual formal allegations in a suit of this kind, and alleged that the bank became

the owner of the note for value, in due course of business before maturity, without notice or knowledge of any defects, infirmities, or equities against the same. Defendant, Seton, after general denial, set up two separate grounds of defense against the note, upon the theory: (1) That it was not negotiable; and (2) that if it was, the plaintiff took with notice of its infirmities, and that therefore, in either event, the defenses alleged would be good as against the plaintiff bank.

It is urged here in the brief that the note is nonnegotiable, and that therefore the court erred in ruling out evidence offered in support of the two defenses set up. The note contained a clause as follows:

"And if suit is begun, judgment may be taken for an additional $15, and ten per cent. of the amount due for attorney's fees."

This clause is the basis of the claim of nonnegotiability. In the case of *Potts v. Crudup,* 48 Okla. 124, 150 Pac. 170, it is held:

"A promissory note containing the provision, 'and agree, in case of suit hereon, to pay reasonable attorney's. fees as allowed by law,' does not render the amount of the obligation of the note uncertain, under section 4437, Comp. Laws 1909 (section 4052, Rev. Laws 1910); and therefore does not destroy its negotiability."

This note, having been executed after what is known as the Uniform Negotiable Instruments Act went into effect (June 11, 1909; section 4052, Rev. Laws 1910), the clause referred to did not render the amount to be paid uncertain, and therefore did not destroy the negotiability of the note.

Some contention is made in the brief that there was. evidence that the bank bought the note in question with

knowledge of sufficient facts to put it on notice as to the defenses interposed. Upon this point we have carefully examined all the evidence in the case, and have failed to find any evidence tending to show notice to the bank of any suspicious circumstances connected with the note. The note was given as the purchase price of certain shares of stock in the Mid-Continent Life Insurance Company, and the defendant was the owner and in possession of the stock at the time of trial. The proof shows that before he subscribed for the stock, the party making the sale to him inquired of the bank if defendant was responsible, and if his note would be good, which inquiry was answered in the affirmative, and upon receiving the note, either on that date or the next following its execution, sold and conveyed said note to the bank. If the defendant made a bad trade, and through it put his negotiable promissory note in circulation, thus allowing it to get into the hands of an innocent holder, in due course of business, who relied upon his name and integrity, it is unfortunate. But, in such circumstances, the law cannot assist him.

We feel like adding, however, that although it is unnecessary to go into the question of the defenses offered and decide the same, yet we think it more than probable that the defenses were not sufficient to defeat a recovery on the note, had the suit been brought by the original payee.

The cause should be affirmed.

By the Court: It is so ordered.