## VORIS v. ANDERSON et al.

No. 4853—Opinion Filed Nov. 23, 1915.

On Second Petition for Rehearing, June 19, 1917.

(153 Pac. 291; 166 Pac. 213.)

1. **Bills and Notes—Negotiability—Designation of Payee.**

Where a note is made payable to the party named therein, or in the alternative to bearer, it is a sufficient compliance with subdivision 4, sec. 4051, Rev. Laws 1910.

2. **Same—Provision for Attorney's Fee.**

Under subdivision 5, sec. 4052, Rev. Laws 1910, the sum payable is a sum certain within the meaning of that chapter, although it is to be paid with cost of collection or an attorney's fee, and a clause in a note, "with $80 attorney's fees," does not render the note nonnegotiable within the meaning of that section.

3. **Bills and Notes—Rights of Holder in Due Course—Alteration.**

Under section 4174, Rev. Laws 1910, it is provided that where a negotiable instrument is materially altered without the consent of the parties liable thereon, it is void except as against a party who has himself made,

authorized, or assented to the alteration and subsequent indorsers, but when the instrument has been materially altered and is in the hands of a holder in due course not a party to the alteration, he may enforce payment thereof according to its original tenor.

(Syllabus by Rittenhouse, C.)

Error from District Court, Carter County; S. H. Russell, Judge.

Action by E. C. Voris against Wm. Anderson and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

Grant Stanley, for plaintiff in error.

H. A. Ledbetter, for defendants in error.

Opinion by RITTENHOUSE, C. The note under consideration reads as follows:

"$800.00.      Ardmore, Okla. Oct. 28, 1909.

"November 15, 1910, after date, we, or either of us, jointly and severally as principals, promise to pay to the order of Lew W. Cochran, or bearer, Crawfordsville, Ind. eight hundred dollars, at Guaranty State Bank, Ardmore, Oklahoma.

"Value received without any relief from valuation or appraisement law, with interest at eight per cent. per annum until paid, and $80.00 attorney's fees. Interest due and payable annually; and interest when due to bear the same rate of interest as the principal. The drawers and indorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note."

Indorsed:

"Ardmore, Oklahoma, Oct. 30, 1909.
"Credit on within note $100.00.

"Anderson and Hartnitt,
"Payment refused    · Lew W. Cochran."

This action was instituted by E. C. Voris, who alleged and proved that he was a holder in due course in good faith for value without notice of an infirmaties in the instrument or defect in the title of the person negotiating it. It is urged that under the provisions of the uniform negotiable instrument act, which went into effect June 11, 1909 (section 4052, Rev. Laws 1910), this note is nonnegotiable, because it does not contain an unconditional promise or order to pay a sum certain in money, and for the further reason that it is not made payable to order or bearer. It is not necessary to give any serious consideration to the argument that the note was not made payable to order or bearer, as it shows on its face that it is made payable to Lew W. Cochran, or bearer, and comes clearly within subdivision 4, sec. 4051, Rev. Laws 1910.

The next contention is that the note is nonnegotiable for the reason that it does not contain an unconditional promise or order to pay a sum certain in money, the note providing that interest should be paid at 8 per cent. per annum until paid, and $80 attorney's fees, and it is argued that the promise to pay an attorney's fee renders the note ambiguous and uncertain. In this we cannot agree. Subdivision 5, sec. 4052, Rev. Laws 1910, provides that a sum payable is a sum certain, although it is to be paid with costs of collection or an attorney's fee. This section has been under consideration in this court numerous times. In the case of Potts v. Crudun et al., 48 Okla. 124, 150 Pac. 170, is was held:

"A promissory note, containing the provision, 'and agree,in case of suit hereon, to pay reasonable attorney's fees as allowed by law,' does not render the amount of the obligation of the note uncertain, under section 4437, Comp. Laws 1909 (section 4052, Rev. Laws 1910), and therefore does not destroy its negotiability."

And, again, in the case of Seton v. Exchange Bank of Perry, 50 Okla. 323, 150 Pac. 1079, this section was construed and held that a similar clause to the one under consideration did not render the amount to be paid uncertain, and therefore did not destroy the negotiability of the note.

It is next urged by the plaintiff in error that the court erred in giving instruction No. 2, which reads as follows:

"You are instructed that if you believe from the evidence that the said words 'or bearer' were inserted in said note after it was signed by the defendants, and without their knowledge and consent, either by Lew W. Cochran or his agents, then the same would be a material alteration, and you will find for the defendants."

This instruction was prejudicial to the plaintiff. It provided that if a material alteration had been made without the knowledge or consent of the defendants by the original payee, they should find for the defendant section 4174, Rev. Laws 1910, provides that where a negotiable instrument is materially altered without the consent of all the parties liable thereon, it is void except as against a party who has himself made, authorized, or assented to the alteration and subsequent indorsers, but when the instrument has been materially altered and is in the hands of a holder in due course not a party to the alteration, he may enforce payment thereof according to its original tenor. It will be observed from an examination of this note that it was indorsed by Lew W. Cochran, and if it had been materially altered by the addi-

tion of the words, "or bearer," E. C. Voris was entitled to recover according to its original tenor, which would be, in the case at bar, to the same extent and in the same manner as if the note had never been altered. The court should have instructed the jury under section 4174, supra, allowing a recovery to a holder in due course not a party to the alteration according to its original tenor, and in giving the foregoing instruction the court committed prejudicial error.

We therefore conclude that the note under consideration is a negotiable instrument, and that under the facts in this case the question of whether or not the note was materially altered by adding the words, "or bearer," after the name of Lew W. Cochran, is immaterial. The addition of the words would not destroy its negotiability, and the plaintiff could recover under the original terms of the note regardless of such alteration. The defenses attempted to be pleaded in this case could not be urged unless the plaintiff was not a holder for value in due course before the maturity of said note, and, inasmuch as there was evidence showing that he was a holder for value in due course before maturity and there was no evidence controverting this fact, the court was not justified in submitting the question to the jury.

The cause should therefore be reversed, with instructions to the trial court to enter judgment as prayed for in the petition.

On Second Petition for Rehearing.

PER CURIAM. We adhere to the views expressed on the original hearing of this cause in the opinion by Commissioner Rittenhouse, except that instead of reversing the cause, with instructions to the trial court to enter judgment as prayed for in the petition, it is ordered that the cause be reversed and remanded for new trial.

All the Justices concur.