## ZEHR v. CHAMPLIN et al.

No. 7724—Opinion Filed September 19, 1916.

(159 Pac. 1185.)

1. Trial—Taking Case from Jury—Demurrer to Evidence.

Where the evidence of the defendant tends to establish a defense in whole or in part to the note sued upon, it is error for the court to sustain a demurrer thereto.

2. Alteration of Instruments—Bills and Notes—Effect.

In this case the evidence of defendant Joseph Zehr sought to establish an alteration in the note sued upon after its execution and delivery, and, if true, the plaintiff, if an innocent purchaser before maturity and for value, was entitled to recover on the note according to its original tenor, but if the plaintiff was not an innocent purchaser as stated, and there had been an alteration in said note after its execution, no recovery should be had thereon. This evidence was

competent, and the court was in error in sustaining a demurrer thereto.

(Syllabus by Hooker, C.)

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by H. H. Champlin against Joseph Zehr and others. Judgment for plaintiff, and defendant Zehr brings error. Reversed and remanded.

Titus & Talbot, for plaintiff in error.

Adam S. Garis, for defendants in error.

Opinion by ,HOOKER, C. This suit was instituted by H. H. Champlin against Joseph Zehr, the Enid Implement Manufacturing Company and the Coates Hardware Company to recover a judgment upon one promissory note executed by Joseph Zehr to the Enid Implement Manufacturing Company, and after its execution and before its maturity assigned to the Coates Hardware Company, and likewise before its maturity assigned by the Coates Hardware Company to H. H. Champlin.

The plaintiff below alleged that he was a holder in due course for value before maturity and without notice of any equities or defenses, and that he was therefore entitled to recover a judgment upon said note against the maker and the indorsers. Only Joseph Zehr answered in said action, and in his answer he denied the execution of the instrument, denied that the plaintiff was a holder before maturity for value and without notice, and further pleaded want of consideration and an alteration in said note after its execution. Upon the trial in the court below the plaintiff introduced the note in evidence and testified that he purchased the same before maturity for a valuable consideration, and rested the case. Thereupon the defendant below, Joseph Zehr, introduced testimony for the purpose of establishing a want of consideration and an alteration in said note after its execution. At the conclusion of his evidence the plaintiff offered a demurrer to said evidence, which the court did not pass upon, but reserved the ruling until the conclusion of all the evidence in said cause. The plaintiff thereupon introduced evidence of expert witnesses seeking to establish that all of said note was written at the same time, and that there had not been any alteration in the same.

After all the evidence had been introduced by both the plaintiff and defendant below, the court took said matter under advisement, and at a later date entered an order in said action on the 27th day of March, 1915, sustaining the demurrer of the plaintiff to the evidence of the defendant for the reason that in the judgment of the court the same did not prove or tend to prove any defense to the action of the plaintiff, to which ruling of the court the defendant below excepted.

There are many questions urged by the plaintiff in error here, but, under the view that we take, it is only necessary for us to consider one question.

Section 4174 of the Revised Laws of 1910, which was in force at the time this action was tried and at the time of the execution of the note in question, is as follows:

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course not a party to the alteration, he may enforce payment thereof according to its * * * tenor."

One of the main questions of fact presented is to determine whether the note in question was altered after its execution and delivery by Joseph Zehr to the Enid Implement Manufacturing Company. If it was altered, and if the plaintiff is an innocent holder for value before maturity without notice of any defense existing in favor of the defendant, then the plaintiff is entitled to recover only according to the original tenor of the note sued upon, but if the plaintiff is not an innocent holder as stated, and if there has been an alteration, the plaintiff is not entiled to recover at all.

As we view the testimony introduced here by the defendant below, it presented the question as to the alteration of this instrument, which must be decided before a judgment can be rendered in this action, and this testimony thus introduced by the defendant below did establish a defense in part to the note sued upon, and the ruling of the court sustaining a demurrer to this evidence was therefore erroneous. It is impossible for this court to decide this question; for there is evidence either way upon the proposition. If the testimony of the defendant is to be relied upon, then this note was altered; but, if the testimony of the plaintiff's witnesses are to be relied upon, the note was written all at the same time; hence this court cannot pass upon this question of fact.

For the error indicated, this cause must be reversed and remanded.

By the Court: It is so ordered.