# PUBLIC BANK OF NEW YORK CITY v. SIMEON J. BURCHARD.[1]

December 22, 1916.

Nos. 19,957—(99).

**Bills and notes — enforcement of altered note against true maker.**

G. C. Knox and S. J. Burchard executed a note payable to the order of "ourselves" by signing their individual names upon the face of the note and indorsing their individual names upon the back thereof. Subsequently it was altered so that it purported to be executed by the Knox-Burchard Mercantile Company, and to be indorsed by that company and by Knox, Burchard and others individually, and thereafter was negotiated to plaintiff, a holder in due course. The negotiable instruments act provides: "When an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor." By virtue of this statute Burchard is liable upon the note according to its original tenor, notwithstanding the alteration.

Action in the district court for Ramsey county against Knox-Burchard Mercantile Company, Gustavus C. Knox, Simeon J. Burchard and Adrian M. Knox to recover $7,500 upon a promissory note. The separate answer of defendant corporation denied that it executed, negotiated or delivered the note, and denied that it ever received any consideration for the same. The case was tried before Brill, J., who at the close of the testimony denied the motion of plaintiff for a directed verdict against the defendant

[1]Reported in 160 N. W. 667.

corporation and the motion of defendant corporation and S. J. Burchard for a directed verdict in their favor, and a jury which returned a verdict for $8,307.59. From an order denying the motion of defendant Burchard for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*O'Brien, Young & Stone,* for appellant.

*Cobb, Wheelwright & Dille* and *Eugene Bryan,* for respondent.

TAYLOR, C.

Plaintiff brought suit upon a promissory note for the sum of $7,500, and recovered a verdict against the defendants, Knox-Burchard Mercantile Company and S. J. Burchard. The trial court granted a new trial to defendant company, but denied a new trial to defendant Burchard. He appealed.

The Knox-Burchard Mercantile Company is a Minnesota corporation which was engaged in the wholesale mercantile business in the city of St. Paul until it went into the hands of a receiver. G. C. Knox, A. M. Knox and S. J. Burchard were respectively the president, vice-president and secretary of the company and constituted its board of directors. G. C. Knox and S. J. Burchard were the active members of the company, and conducted its business. A. M. Knox, the vice-president, was a non-resident and took no part in the management of the business except to attend an occasional directors' meeting, but his son, whose initials were the same as his own, was employed by the company as stock boy.

Appellant claims that, as an accommodation maker, he joined with G. C. Knox in executing a promissory note in the sum of $10,000 for the personal debt of Knox; that both signed their individual names upon the face of the note, and, as it was payable to the order of "ourselves," also indorsed their individual names upon the back to complete its execution as required by the negotiable instruments act; that thereafter G. C. Knox changed the signatures upon the face of the note by inserting above his own name with a rubber stamp the words, "Knox-Burchard Mercantile Co., per," by adding after his own name the abbreviation, "Pres." and by adding after appellant's name the abbreviation, "Sec.", so that the signature as so changed reads: "Knox-Burchard Mercantile Co., per G. C. Knox, Pres. S. J. Burchard, Sec."; that Knox also changed the indorse-

ments upon the back of the note by inserting above his own name with the rubber stamp the words: "Knox-Burchard Mercantile Co., per," by adding after his own name the abbreviation "Pres.," by procuring the boy, "A. M. Knox," to indorse it, and by again indorsing it himself, so that the indorsements as so changed read: "Knox-Burchard Mercantile Co., per G. C. Knox, Pres., S. J. Burchard, A. M. Knox, G. C. Knox;" that the note so changed, instead of purporting to be the individual note of G. C. Knox and S. J. Burchard, purports to be the note of the company indorsed by the company and by the three officers of the company; that when this note became due Knox paid $2,500 thereon and gave the note in controversy for the remaining $7,500 thereof; that the renewal note was executed in precisely the same manner that the original note had been executed, and was thereafter changed by Knox in precisely the same manner that the original note had been changed; that the alterations in both the original note and the renewal note were made before delivery thereof; that appellant had no knowledge of such alterations and never authorized or ratified them, and that neither he nor the company received any consideration for either note.

The evidence in support of appellant's contention is uncontradicted and persuasive, but conceding that the note was executed as the individual note of Knox and Burchard, and that it has been changed so that it now purports to be the note of the company indorsed by Knox, Burchard and A. M. Knox, does this fact release Burchard from liability thereon? Burchard signed the note and also indorsed it. His signatures are genuine even if other signatures be forged. Plaintiff is a "holder in due course" within the negotiable instruments act. That act provides in section 5936, G. S. 1913:

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor."

By virtue of this statute, a party to a negotiable instrument must respond to a "holder in due course" upon the obligation which he in truth assumed, notwithstanding the fact that the instrument may have been changed so as to import a different obligation. Ensign v. Fogg, 177 Mich. 317, 143 N. W. 82; Voris v. Anderson (Okla.) 153 Pac. 291; Zehr v. Champlin (Okla.) 159 Pac. 1185; Thorpe v. White, 188 Mass. 333, 74 N. E. 592; Massachusetts Nat. Bank v. Snow, 187 Mass. 159, 72 N. E. 959; National Exch. Bank v. Lester, 194 N. Y. 461, 87 N. E. 779, 21 L.R.A.(N.S.) 402, 16 Ann. Cas. 770; Moskowitz v. Deutsch, 92 N. Y. Supp. 721; Mutual Loan Assn. v. Lesser, 76 App. Div. 614, 78 N. Y. Supp. 629; Diamond Distilleries Co. v. Gott, 137 Ky. 585, 126 S. W. 131, 31 L.R.A.(N.S.) 643; Bothell v. Schweitzer, 84 Neb. 271, 120 N. W. 1129, 23 L.R.A.(N.S.) 263, 133 Am. St. 623.

Section 5835, G. S. 1913, provides: "When a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority."

Appellant seems to contend that this is the only section which applies to cases where a signature has been forged, and that section 5936 applies only to cases where an alteration has been made in the body of the instrument but not in the signature. We think the statute will not bear this construction. Where a signature is forged or made without authority, section 5835 provides that no rights can be predicated upon such forged or unauthorized signature, except against a party who, is precluded from asserting the forgery or want of authority, but goes no further than to make such signature inoperative and to bar the enforcement of rights founded thereon. The language is carefully chosen to confine the effect of the section to the specific points covered thereby. It does not purport to declare the instrument void, nor the genuine signatures thereon inoperative. It protects the party whose signature has been forged or affixed without his authority, but contains no provisions releasing other

parties from whatever liability they may have assumed. To determine the rights of the holder of an altered instrument against such other parties, we must have recourse to section 5936. Under this section, "when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor." No claim is made that plaintiff was a party to the alteration in question or had any knowledge thereof. According to the original tenor of the instrument, appellant was a maker as well as an indorser, and liable unconditionally for its payment. According to the instrument as altered, he appeared to be only an indorser, and the verdict against him was rendered on the theory that his liability was that of an indorser. He is held to no greater or different liability than he in fact assumed and is not in condition to complain.

Order affirmed.