## 10063

### COMMERCIAL SECURITY CO. v. DONNALD DRUG CO.

#### (96 S. E. 529.)

1. BILLS AND NOTES—NONNEGOTIABLE NOTES—DEFENSES.—Failure of consideration is a complete bar to an action upon promissory notes nonnegotiable in form.

2. BILLS AND NOTES—PRESUMPTION OF DELIVERY.—Under act March, 1914 (28 St. at Large, p. 672), sec. 16, providing that when negotiable notes are no longer in the possession of the signer thereof a valid and intentional delivery by him is presumed until the contrary is proven, where plaintiff produced notes, which were not alleged to be nonnegotiable, it would be presumed that they were delivered.

3. PLEADING—AMENDMENT DURING TRIAL.—In action on notes where defendant set up failure of consideration in that the notes were not delivered and that plaintiff had notice of the infirmity, requirement of amendment to allege that plaintiff was a holder in due course was improper; such amendment being irrelevant.

Before BOWMAN and PEURIFOY, JJ., Anderson, Fall term, 1917, and Spring term, 1918. Reversed and new trial ordered.

Action by the Commercial Security Company against the Donnald Drug Company. Judgment for defendant, and plaintiff appeals.

*Mr. Samuel M. Wolfe,* for appellant, cites: *As to amendment of complaint during trial:* 3 Cyc. 224; the Negotiable Instruments Act, sec. 59 (Acts 1914, pp. 668-696, inclusive), sec. 52; Code of 1912, vol. II, sec. 219; Pomeroy's Code of Remedies, 4th Ed., pp. 612-636; 54 S. C. 109; Code of 1912, vol. II, sec. 209; Code of 1912, vol. II, sec. 307; sec. 220, vol. II; Code of 1912, vol. II, sec. 224; section 97, subdiv. 10. *Judge's withdrawal of case from jury, and granting defendant's motion for a continuance, was an abuse of discretion:* 101 S. C. 499; 100 S. C. 499. *Plaintiff's allegations were sufficient without amendment:* Abbott's Forms, Practice and Pleadings, vol. I, page 228, footnote f, and cases cited; Negotiable Instruments Act, vol. 28, Gen. Stats., p. 688; 8 Corpus Juris 982-3, and cases cited;

Abbott's Trial Brief (2d Ed.), p. 13.    *As to exclusion of deposition at the second call of the case:* Jones on Evidence (Civil Cases), pgh. 682, p. 850; 49 S. C. 159; 27 S. E. 16; Jones on Evidence (Civil Cases), p. 850; pgh. 682; 49 S. E. 128; Negotiable Instruments Act, sections 52-59; Code of Procedure, sec. 219.

*Messrs. Bonham, Watkins & Allen,* for respondent, cite: Negotiable Instruments Act, sec. 184; 125 Am. St. Reports 126; Brannon Negotiable Instrument Law, Annotated, pp. 68 to 72.    *The deposition introduced into evidence at the first trial could not be used at the second trial because the issues had been substantially changed by the amendment:* 10 R. C. L., sec. 152; Ann. Cas. 1914d, 474 and 476; 1 Ann. Cas. 1914b, 284; Ann. Cas. 1917e, 601; Ann. Cas. 1917c, 1174.

August 1, 1918.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action upon four "promissory notes;" a verdict directed for the defendant; appeal by the plaintiff.    The verdict ought not to have been directed, and the judgment thereon must be set aside.    The "case" is of the meagerest sort in the statement of essentials.    The cause was up for trial in the Circuit Court at two separate terms.    At the first term the plaintiff offered in evidence a "deposition of Roland A. Crandall, a witness in behalf of plaintiff."    It was admitted in evidence. The "case" recites that: "For the purpose of this action, defendant's counsel announced in open Court that defendant did not deny the signature to the notes."

The "case" does not so recite, but the necessary inference from such recitals as are made is that the four notes were in Court and in the possession of the plaintiff, and that the deposition tended to prove the allegations of the complaint. When the deposition had been read to the jury, the plaintiff rested.    Thereupon counsel for the defendant said:

"We move for a nonsuit. My friend has not proved delivery of those notes at all from my people, and he has got to prove delivery; for they might have been taken out of Donnald's safe, might have been stolen, and might never have been delivered to anybody. One of our defenses is that there was no delivery, and I think it is up to my friend to prove delivery. You notice he was careful not to put on the stand Mr. Hubert, the man who assumed to take those notes. He has got to prove delivery, because the mere signature is not sufficient in any contract."

There was no suggestion at that time that the notes were nonnegotiable. Had they been nonnegotiable in form, the proof of the failure of consideration (which the answer did allege as one defense) would have been a complete bar to the action.

The complaint did not allege that the notes were negotiable. The answer did not allege that the notes were nonnegotiable in form. It did allege, amongst other things, that the maker did not deliver the instruments to the payee. The implication from the answer is that the notes were negotiable in form, for it alleges that the "plaintiff had notice of the failure of consideration." The reasonable inference, therefore, is that the notes which were in evidence were negotiable in form, and that the defendant's only ground for a direction of verdict was that above quoted, to wit, that after defendant had signed the notes it did not deliver them to the payee. If, however, the instruments were negotiable in form, and "no longer in the possession of the party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved." Section 16, Act Relating to Neg. Instr. 28, Stats. 672.

The amendment required by the Court at the first term was irrelevant to the issue made at that time by the defend-

ant, and ought not to have been required.   At the second term, and after the words "in due course" had been added by the amendment to the complaint, the plaintiff offered a second time the same testimony of the witness, Crandall, that had been read at the first term.   The record recites this incident: "The deposition was then offered in evidence to which defendant's counsel objected upon the ground that, under the pleadings as amended, new issues were made and the deposition was inadmissible as incompetent.   His Honor, the presiding Judge, ruled accordingly, and the deposition was excluded."

As before stated, there was never any contention by plea or by motion at the first term or at the second term that the notes were nonnegotiable in form; the only contention was that they had not been delivered by the maker to the payee after they had been admittedly signed.   The amended words did not in the least change real issue made by the pleadings and by the motion at the first term, to wit, that the plaintiff had notice of the infirmity in the instruments and that the insruments had never been delivered by the maker to the payee.

Judgment reversed, and new trial ordered.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. JUSTICE WATTS.   I think judgment should be reversed, and clerk of Court directed to enter up judgment for plaintiff in accordance with the practice in *Pee Dee Naval Stores v. Hamer,* 92 S. C. 423, 75 S. E. 695, and cases since that time.