10187

MUSE v. CLARK *ET AL.*

(98 S. E. 850.)

1. BILLS AND NOTES — DISCHARGE OF INDORSERS — ALTERATION.—Under
   Negotiable Instruments Act, secs. 124, 125, where note was originally
   made payable to "Bank of G. * * * at said bank," and indorsed
   by defendants, its alteration by the maker, after the bank had refused
   to discount it, by striking out the words "Bank of G." and substitut-
   ing above it the name of plaintiff, was a material alteration discharg-
   ing defendants as indorsers.

2. BILLS AND NOTES—ALTERATION—RECOVERY ACCORDING TO ORIGINAL
   TENOR.--Where note was originally made payable to "Bank of G.
   * * * at said bank," and indorced by defendants, and after the bank
   had refused to discount it, altered by the maker by striking out
   the name of the bank as payee and substituting above it the name
   of plaintiff, plaintiff could not recover from defendant indorsers
   under the provision of sec. 124 of the Negotiable Instrument Law
   that a holder in due course may enforce payment of a materially
   altered note according to the original tenor.

3. BILLS AND NOTES — INDORSERS — ALTERATION — CONSENT. — Whether
   indorsers consented to alteration of note by changing name of payee
   *held* for the jury.

Before PEURIFOY and SHIPP, JJ., Greenwood, April
term, 1917, and April term, 1918.   Reversed.

Action by J. P. Muse against W. B. Clark, George Bailey, Hugh E. Giles and F. E. Donnald. From judgment for plaintiff, the first three defendants appeal.

*Messrs. Tillman & Mays* and *Grier, Park & Nicholson,* for appellants. *Messrs. Grier, Park & Nicholson* submit: *That before the passage of the Negotiable Instruments Act it was settled that a material alteration of a negotiable instrument extinguishes all liability thereunder as against a party not consenting:* 32 S. C. 244; 69 S. C. 7. *An unauthorized instrument in the name of the payee of a promissory note, after execution and delivery, whereby the name of another is substituted for that of the original payee, is a material alteration of the paper which vitiates it as to every obligor thereon who has not authorized or consented to the change:* L. R. A. (1915a) 156; 18 S. C. A. 213; 34 U. S. A. 466; 71 F. E. D. 493; 20 C. C. A. 230; 34 U. S. Ap. 688; 73 F. E. D. 925; 10 Ga. A. P. P. 98; 72 S. E. 943; 5 Idaho 213; 47 P. A. C. 949; 17 Ind. A. P. P. 298; 46 N. E. 648; 7 Ind. A. P. P. 94; 34 N. E. 123; 164 Ind. 447; 72 N. E. 565; 73 N. F. 895; 32 Kan. 518; 4 Pac. 1022; 69 Iowa 29 N. W. 331 ; 108 Mass. 366; 11 Am. Rep. 622; 22 Mo. A. P. P. 509; 44 Neb. 622; 28 L. R. A. 577; 48 Am. St. Rep. 573; 62 N. W. 1078; 112 A. P. P. Div. 398; 98 N. Y. Sup. 445; 41 Ohio St. 257; 30 Okla. 547; 120 Pac. 257; Ann. C. A. S. 1913c, 183; 9 Vt. 373; 99 Va. 480; 39 S. E. 134. *The Negotiable Instruments Law does not change the effect of these decisions:* Vol. XXVIII, St. 687, secs. 124, 125; 112 A. P. P. Div. (N. Y.) 398.

*Messrs. Featherstone & McGhee,* for respondent, submit: *That the change in the name of the payee was not such a material alteration of the note as avoided the instrument, and rendered it void:* Negotiable Instruments Act, sec. 24 (Acts 1914, page 687). *Without the aid of the exception in act, plaintiff is entitled to recover:* Subdiv. 5 of sec. 125 of the act; 112 Ind. 207 (13 N. E. 712) ; 71 Me. 36 (A. R.

312); 1st Daniel, sec. 792, vol. I; 67 A. S. R. 921, 922 (Arkansas); Parsons and Bigelow on Bills and Notes (Vermont), 73 A. D. 347; 1st Am. & Eng. Encyclopedia of Law, pp. 380 and 381; 85 A. D. 298; 38 N. H. 166; 71 Me. 270 (36 A. R. 310); 1 Am. and Eng. Ency., p. 381; American Annotated Cases, 1913c, 148 Ill. 349; 35 N. E. 1120; 32 Cal. 89.

April 6, 1919.

The opinion of the Court was delivered by Mr. JUSTICE HYDRICK.

This is an action on a promissory note. Plaintiff alleges that defendant, Donnald, executed his note for $225, dated May 27, 1915, payable to the order of the Bank of Greenwood, on December, 1915, and defendants, Bailey, Clark, and Giles, indorsed said note to enable Donnald to raise said sum; that, thereafter and before maturity, the name of the payee, Bank of Greenwood, was stricken out, and plaintiff's name was inserted in place thereof, as payee, by Donnald, after which plaintiff took the note, in due course, and advanced the money thereon; that same was due, unpaid, etc.

The indorsers demurred to the complaint for insufficiency, on the grounds that the proposed contract with the bank was not accepted, that the alteration alleged avoided the note as to them, and that no contract between them and plaintiff was alleged. Judge Peurifoy overruled the demurrer, and the case was tried before Judge Shipp and a jury.

The note was written on a blank form of the Bank of Greenwood, and, when indorsed by appellants, it was payable "to the order of Bank of Greenwood * * * at said bank." The words quoted were printed in the body of the note; but the bank refused to discount it, and thereafter it was altered, and accepted by plaintiff, who testified that, when it was presented to him the printed words "Bank of Greenwood" had been stricken out by running a line through them with a pen, and his name had been interlined above those words.

He also testified that it appeared that the alteration had been made with different ink and possibly by a different hand from the other writing in the note. But plaintiff's witness, Andrews, testified that he filled in the blanks in the note for Donnald, and, when it had been signed and indorsed by appellants, carried it to the bank to get the money for him; and, when the bank refused to accept it, he returned it to Donnald; and, while he did not remember changing the name of the payee, he said the name "J. P. Muse" looked like his writing. And Donnald testified that, when he brought the note back to him, Andrews suggested that he might get the money from plaintiff, and said, "Let me change it for you" (as he had filled in the other parts of the note), and that Andrews made the change in the presence of Bailey and Giles, two of the indorsers, both of whom knew of it, and handed the note to him, and he carried it to plaintiff and got the money. Each of the indorsers denied knowledge of the alteration. Bailey and Giles testified that Donnald told them that he destroyed the note, when the bank refused to discount it, and Clark said that he supposed that it had been destroyed; and each of them said that he knew nothing to the contrary, until the spring of 1917, when demand for payment was made upon them.

After hearing the evidence, Judge Shipp directed a verdict for plaintiff, holding that he was bound by the order of Judge Peurifoy, overruling the demurrer of the indorsers, and that, as plaintiff had proved the allegations of his complaint, he was entitled to recover. From judgment on the verdict, the indorsers appealed.

Respondent contends that the alteration was not material; that the purpose of the indorsers was to enable Donnald to raise that sum of money, and it could make no difference to them whether he got it from the bank, or from plaintiff, or any one else; and that, in any event, plaintiff, being an innocent holder, in due course, is entitled to recover.

Sections 124 and 125 of the Negotiable Instruments Act (28 Stat. 668) reads:

"124. Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration and subsequent indorsers.

"But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor.

"125. Any alteration which changes: (1) The date; (2) The sum payable, either for principal or interest; (3) The time or place of payment; (4) The number or the relation of the parties; (5) The medium or currency in which payment is to be made; or which adds a place of payment where no place of payment is specified, or any other change or addition which alters the effect of the instrument in any respect is a material alteration."

Tested by the terms of section 125, the alteration was material. By subdivision 3 of that section, an alteration which changes the place of payment is declared to be material. In its inception, the note was payable "to the order of Bank of Greenwood * * * at said bank." When the words "Bank of Greenwood" were stricken out, the words "at said bank" were left without meaning; so that the note was not then payable at that bank, or any other particular place. It follows that the place of payment was changed by the alteration.

Moreover, the last sentence of subdivision 5 of said section says: "Any other change or addition which alters the effect of the instrument in any respect is a material alteration."

Prior to the statute, the decided weight of authority was that changing the name of the payee of a note, after its legal inception, without consent of the parties sought to be changed thereon, is a material alteration. 1 R. C. L. 967,

sec. 4; *Id.* 973, sec. 7; *Holbart v. Lauritson,* 34 S. D. 267, 148 N. W. 19, L. R. A. 1915a, 166, and note in which the cases are reviewed. Clearly, changing the name of the payee alters the legal effect of the instrument.

The authorities cited by respondent are not to the contrary. In fact, they are not in point, because in none of them was there any alteration of the instrument sued on. If there had been no alteration of the note here sued on, and if plaintiff had taken it as issued, and afterwards had the bank indorse it, so as to transfer the legal title to him, a different state of facts calling for the application of a different principle would have been made, and to that state of facts the cases cited by respondent would have been pertinent.

Respondent contends, however, that, even though the alteration is material, nevertheless he is entitled to recover under the following provision of section 124: "But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor."

According to the testimony, the note bore upon its face such evidence of alteration that the jury might have found that plaintiff was not a holder in due course; therefore, if that were a vital issue, it would be one of fact for the jury.

But, assuming for the purpose of this case, that plaintiff was a holder in due course, we do not see how he can enforce payment of the note according to its original tenor, according to which it was payable to the order of the Bank of Greenwood. How would it be possible to enforce payment to the order of that bank, without making it a party to a contract which it expressly refused to enter into? We must conclude that the intention of the legislature was that the provision above quoted should be applied only in those cases where the contract can be enforced according to its original tenor; and we can readily see how this can be done in a variety of cases, as for instance, where the alteration affects

only the negotiability of the instrument, and the amount of principal or interest, and in other respects, which need not be mentioned, it may be enforced according to its original tenor. But where, as in this case, it is of such a nature that, if made without consent of the parties to be charged, it deprived the contract of all legal validity in its inception, it cannot be enforced according to its original tenor. *First National Bank v. Gridley,* 112 App. Div. 398, 98 N. Y. Supp. 445.

Appellants question the ruling of Judge Peurifoy on their demurrer as well as that of Judge Shipp in directing a verdict against them. It is unnecessary to consider the ruling on demurrer, because without objection plaintiff introduced testimony tending to prove a fact of vital importance in the case which was not specifically alleged in his complaint, though the allegations taken altogether may have been deemed sufficient, by liberal construction and intendment, to have admitted the testimony, even if it had been objected to. The fact alluded to was that the alteration was made with the knowledge and consent of some, if not all, of the indorsers. Perhaps it would be more nearly correct to say that there was testimony tending to prove that the alteration was made under circumstances from which the jury might have drawn an inference of knowledge and consent on the part of some, if not all, of the indorsers. If that be true, that is, if they, or any of them, did know of and consent, expressly or impliedly, to the alteration, those so knowing and consenting are bound. As to them, the note as altered is an original and not an altered contract. *Sanders v. Bagwell,* 37 S. C. 145, 15 S. E. 714, 16 S. E. 770. If the evidence be sufficient to bring the case within the exception provided for by section 124, plaintiff may recover against the indorsers so consenting. But whether they knew of and consented to the alteration was an issue of fact arising out of the testimony, upon which they were entitled to have the

verdict of the jury. It follows that the Court erred in directing a verdict for plaintiff, and there must be a new trial.

Judgment reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES FRASER and GAGE concur.

MR. JUSTICE WATTS did not sit.