10262

COMMERCIAL SECURITY CO. v. DONALD DRUG CO.

(100 S. E. 359.)

1. ALTERATION OF INSTRUMENTS—CHANGE OF TIME AND PLACE OF PAYMENT MATERIAL.—A printed promissory note was materially altered, under Negotiable Instruments Law, secs. 124, 125, where the word "three," referring to the number of months after date payment was to be made, was erased, and the figure "4" interlined, and the place of payment was erased and changed.

2. BILLS AND NOTES—PROOF OF SIGNATURE TO NOTE AUTHORIZES ITS INTRODUCTION.—Proof of the signature is enough to allow introduction of a promissory note in evidence.

3. ALTERATION OF INSTRUMENTS—BURDEN ON DEFENDANT TO SHOW
   MATERIAL ALTERATION NOT MADE BEFORE EXECUTION.—Where the
   signature to a materially altered promissory note is proved, the bur-
   den rests upon the defendant to show, under Negotiable Instruments
   Law, secs. 124, 125, that the alteration was not made before execu-
   tion of the note.

4. ALTERATION OF INSTRUMENTS—PLEA OF MATERIAL ALTERATION A PLEA
   OF CONFESSION AND AVOIDANCE.—Where the defense in an action on a
   note is that a material alteration has been made, the plea is in the
   nature of confession and avoidance.

Before PRINCE, J., Anderson, Fall term, 1918.  Reversed.

Action by the Commercial Security Company against the
Donald Drug Company, a partnership, etc.  Judgment for
defendant, and plaintiff appeals.

See, also, 96 S. E. 529.

· *Attorney General Sam'l M. Wolfe,* for appellant, sub-
mits : *That the change in the date of the maturity of the
respective notes did not render them invalid:* Negotiable
Instrument Act 1914, sec. 12, article I; sec. 52, article IV;
subd. 4, sec. 17; article I, sec. 124; article VI; cases cited
under S. I. B., p. 55; Brannon's Negotiable Instrument Law. ·
*Plaintiff made out a prima facie case and was entitled to a
verdict:* 101 S. C. 208; 100 S. C. 353; 91 S. C. 455.  *The
Court of its own motion may not dismiss or discontinue a
suit:* Encyclopedia of Pleading and Practice, vol. VI, p. 961.
*On the whole case:* 96 S. E. 406.

*Messrs. Bonham, Watkins & Allen,* for respondent, cite:
*As to material alterations:* 3 R. C. L. 114; 23 U. S. (L.
Ed.) 556; 18 U. S. (L. Ed.) 725; 35 L. R. A. 464; Rose's
Notes U. S. vol. 91, 98 to 100; 100 S. C. 70; 86 Am. St.
Rep. 87; 1 Nott & McCord 103; Negotiable Instruments
Act 125.  *As to burden of proof:* 1 Enc. of Evid. 810 to
813 and 815 to 816; 2 Wall. 219; 14 S. C. 355; 17 S. C.
464; 1 Chev. Eq. 1; 1 Greenleaf on Evid., 16 Ed., sec. 64; 1
R. C. L. 1002 to 1005; 32 S. C. 238; 2 Daniel's on Nego-
tiable Instruments, secs. 1417, 1418.  *As to purchasers for
value:* Negotiable Instruments Law, sec. 52; sec. 125 Bran·

non on Negotiable Instruments 281; 1 R. C. L. 1002 to 1006; 12 Amr. St. Rep. 362; 15 L. R. A. (N. S.) 612; 91 S. C. 135; 23 U. S. (L. Ed.) 556; 35 L. R. A. 464; 2 A. and E. Enc. L., 2d Ed. 193; 22 L. R. A. 687; 109 S. C. 70. *As to when notes are regular in form and received in regular course of business:* 7 Words and Phrases 6036; 37 Amer. Rep. 97; Negotiable Instruments Law, sec. 125; 160 Fed. Rep. 245. *As to want of evidence explaining the alteration:* (Mass.) 81 N. E. 872; Enc. of Evid. Supp. 1908, 130 to 134; 2 Cyc. 236 and 237, 243, 244; 12 Rich. 387; 24 S. C. 356; 1st Enc. of Evid. 118; 1 Greenleaf on Evid. 16th Ed. 701 to 703; 1 R. C. L. 1043-1044; 43 S. C. 514; 22 L. R. A. 470.

August 25, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action on four promissory notes. The defense, so far as this appeal is concerned, is material alterations. One note is set out in the case, and is as follows:

"225.00   P. O., Honea Path, State, Ga. S. C.   4   Date Dec. 6th, 1916. Three months after date, for value received, we promise to pay to the order of Partin Manufacturing Company, Incorporated, two hundred and twenty-five dollars ($225.00), at Citizens Bank, Honea Path, S. C. The Donald Drug Co., per S. F. Donald."

Instead of "Honea Path, S. C.," the original had "Honea Path, Ga." "Ga." was erased, and "S. C." substituted; the printed word "three" was erased, and the figure "4" interlined; thus changing the date of payment and the place of payment. Both are material changes under the negotiable instrument statute. Laws 1914, p. 687. The statute reads as follows:

"124. Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided,

except as against a party who has himself made, authorized or assented to the alteration and subsequent indorsers.

"But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor.

"125. Any alteration which changes:

"(1)  The date;

"(2)  The sum payable, either for principal or interest;

"(3)  The time or place of payment;

"(4)  The number or the relation of the parties;

"(5)  The medium or currency in which payment is to be made; or which adds a place of payment where no place of payment is specified, or any other change or addition which alters the effect of the instrument in any respect is a material alteration."

1. The record shows that the plaintiff was a holder in due course.  It fails to show that it was a party to the alteration, if there was an alteration, and, therefore, it was entitled to enforce payment of the notes according to the original tenor.  There is nothing in the record to show that the plaintiff was not entitled to enforce the payment according to the original tenor.  The note was dated December 16, 1916, and assigned to the plaintiff December 27, 1916.

2. There is another question that is fairly made and should be settled in this case, and that is: Upon whom rests the burden of proof that a material alteration in an instrument was made before its execution?  Upon this subject authorities elsewhere are in hopeless conflict, and the authorities in this State are not specific. It was held in *Wicker v. Pope,* 12 Rich. Law 387, 75 Am. Dec. 732, and other cases, that it is a question for the jury to determine under all the circumstances when the change was made, and whether authorized by the maker or not. That, however, does not settle the question as to the burden of proof.  The note shows an alteration on its face.  It

does not, as a matter of law, show when the alteration was made. The way to prove the execution of a note is to prove the signature. The proof of the signature is enough to allow the introduction of the note in evidence. If nothing more appears, then the plaintiff is entitled to a directed verdict. In this case the signature is not denied. That the instrument has been altered is a matter of defense, and the burden is unquestionably on the defendant to prove his defense.

Again, where the defense is that a material alteration has been made, the plea is in the nature of confession and avoidance. "While the note was good when executed, it has become void." He who alleges a change in conditions must show it. We know of no valid principle of law that throws on the holder of a negotiable instrument the burden of showing that it is valid.

A contrary holding would practically destroy many valid negotiable instruments. Banks and concerns doing a large business, dealing in negotiable instruments, must use printed forms. These forms must be printed to suit the majority of their customers. To hold that any change in the printed form to make it conform to the special contract between the parties throws upon the holder the burden of showing that the alteration was made before signing would be to practically destroy its value as a negotiable instrument. It may be said that this trouble can be obviated by a footnote, stating that the instrument was altered before signing. This overlooks the fact that the notation of alteration is a matter of as much suspicion as the alteration in the body of the instrument. It is just as easy to put in the notation of the alteration as it is to alter the instrument.

The judgment is reversed.