10502.

### COMMERCIAL SECURITY CO. v. DONALD DRUG CO.

#### (104 S. E. 312.)

1. BILLS AND NOTES—WHETHER PLAINTIFF HOLDS IN DUE COURSE NOTES SHOWING ALTERATION HELD FOR JURY.—In view of the definition of holder in due course in Negotiable Instruments Act, section 52, where a material alteration appeared on the face of notes in suit when plaintiff took them, the inference is warranted that plaintiff is not a holder in due course, and the question is one of fact for the jury.

2. APPEAL AND ERROR—PRIOR DECISION OF THE SUPREME COURT NOT RES JUDICATA OF POINT PLAINTIFF HOLDER IN DUE COURSE.—In an action on notes, where on prior appeal the only question decided was whether certain alterations were material, etc., the issue whether plaintiff was a holder in due course, as defined in Negotiable Instruments Act, section 52, was not before the Court, and the Supreme Court did not determine the question despite certain language in its opinion to render its decision on prior appeal *res judicata* of the point that plaintiff was a holder in due course.

Before DEVORE, J., Anderson, Fall term, 1919. Affirmed.

Action by Commercial Security Co. against Donald Drug Co. on four alleged promissory notes. From judgment for defendant, the plaintiff appeals.

*Mr. S. M. Wolfe,* for appellant, cites: *Alteration, if there was one, was not for illegal or fraudulent purposes:* Negotiable Instruments Act (1914), 28 Stat. 668, sec. 12, art. I. *Plaintiff is holder in due course: Id.,* sec. 52, art. IV. *Where conflict between written and printed portions of note written prevail: Id..,* subdiv. 4, sec. 17, art. I. *Material alteration would not avoid in hands of one who had not been a party to such alteration: Id.,* sec. 124, art. VI. *Plain-*

*tiff made out prima facie case and entitled to direction of verdict:* 101 S. C. 208; 100 S. C. 353; 91 S. C. 455; 112 S. C. 457; 100 S. E. 359; 110 S. C. 268; 96 S. E. 371; 110 S. C. 271; 96 S. E. 406.

*Messrs. Bonham & Allen,* for respondent, cite: *Evidence as to attempt by defendant to countermand order admissible:* Code Proc. 1912, sec. 429; 16 S. C. 551. *Notes fall within sec. 15, 28 Stat. 668. Effect of alterations: Id.,* sec. 24. *Plaintiff not a holder in due course: Id.,* sec. 52; Brannan Neg. Inst. Law 125, 124, 127. *Material irregularity apparent on face of note is highest form of notice:* 22 L. R. A. 470, and note.

October 11, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is the third appeal in this case. See 110 S. C. 353, 96 S. E. 529, and 112 S. C. 457, 100 S. E. 359. The action is upon four promissory notes, dated December 6, 1916, for $225 each, signed by defendant and payable to the order of Partin Manufacturing Company. The notes were transferred to plaintiff before maturity by the payee's indorsement thereof.

Plaintiff alleges that it is a holder of them in due course. Defendant denies that, and alleges, among other things, that the notes were delivered to the agent of the payee, subject to cancellation until December 9, 1916, and that the agent was notified before that date to cancel the notes and the order for the goods for payment of which they were given, but put them in circulation in fraud of defendant's rights, and, further, that the notes were materially altered without defendant's consent, after they were signed and delivered to the agent on the condition stated.

At the first trial the Circuit Court directed a verdict for defendant, because plaintiff failed to prove delivery of the

notes by the maker to the payee. That judgment was reversed by this Court, on the ground that possession of the notes by the indorsee was *prima facie* evidence of such delivery. At the second trial plaintiff offered the notes in evidence, together with testimony tending to prove that it was a holder thereof in due course, except that no testimony was offered by plaintiff to explain certain alterations that appeared on the face of the notes, or to prove that they were made before delivery, or by consent of the maker. For want of such testimony, the trial Court excluded the notes and nonsuited the plaintiff.

On appeal, that judgment was reversed, this Court holding (overruling plaintiff's contention to the contrary) that the alterations apparent upon the face of the notes were material, but that an alteration (in the legal sense of the word) will not be presumed from the mere fact that printed words in a note (drawn on a printed form as these were) are stricken out and others inserted to make the contract conform to the intention of the parties, and that in such cases the burden is upon the maker to prove the fact of alteration.

At the last trial the issues were submitted to the jury upon the testimony offered by both parties. Plaintiff's testimony was the same as upon the former trials. Defendant's testimony tended to prove the defenses set up in the answer. The jury found for defendant, and plaintiff appealed.

There are several exceptions, but the only question that need be decided is: Does the fact that a material alteration appeared upon the face of the notes sued on, when plaintiff purchased them, warrant the inference that plaintiff is not a holder thereof in due course? That question was answered in *Muse v. Clark,* 98 S. E. 850, where we said:

"The note bore upon its face such evidence of alteration that the jury might have found that plaintiff was not a holder in due course; therefore, if that were a vital issue, it would be one of fact for the jury."

We do not see how any other conclusion can be reached from the definition of a holder in due course given in the Negotiable Instruments Act (Act March, 1914, [28 St. at Large, p. 668]), section 52 of which defines a holder in due course to be one "Who has taken the instrument under the following conditions: (1) That it is complete and regular upon its face; (2) that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Plaintiff's testimony tended to satisfy all of these conditions, except the first and last.   As material alterations were apparent upon the face of the notes, when plaintiff took them, they cannot be said to have been regular upon their face.   Nor can it be said that plaintiff took them without notice of any infirmity in them, since the apparent alterations, though not enough to raise a presumption of an alteration in fact, was enough to excite suspicion, and put a person of ordinary prudence on inquiry which would have led to notice.   *Muse v. Clark, supra;* 8 C. J. 475, 512.

It must be assumed that the verdict establishes the fact that plaintiff was not a holder in due course, and, therefore, the defenses set up in the answer were available to defendant, and, as we have already said, the testimony was sufficient to establish the defenses set up.   But appellant contends that the issue as to its being a holder in due course was foreclosed by the decision of this Court on the second appeal; in orther words, that it was *res adjudicata,* and, therefore, the trial Court erred in refusing its motion for a directed verdict.   That contention is based upon the following language appearing in the opinion of this Court on the second appeal:

"The record shows that the plaintiff was a holder in due course. It fails to show that it was a party to the alteration, if there was an alteration, and, therefore, it was entitled to enforce payment of the notes according to the original tenor. There is nothing in the record to show that the plaintiff was not entitled to enforce the payment according to the original tenor."

It must be conceded that the language quoted is broad enough to sustain appellant's contention. But, when the issues which were actually before the Court and decided on that appeal are considered in connection with the whole opinion, it becomes clear that the issue whether plaintiff was a holder in due course, within the statutory definition of such a holder, was not before the Court, and it was not the intention of the Court to decide it. The only questions decided on that appeal were whether the alterations were material, and, if so, whether the burden was upon plaintiff to prove that they were made before execution or by consent of the maker, or upon defendant to prove that they were made after execution and without consent. The Court held that, in the circumstances stated, an apparent alteration was not sufficient to raise a presumption that it was an alteration in fact, so as to cast the burden of explaining it upon the plaintiff, and, therefore, the burden was upon defendant. There is a difference between the sufficiency of an apparent alteration to raise an evidentiary presumption of fact, so as to shift the burden of proof, and its sufficiency to show that the instrument was not regular upon its face, and, from that fact, that the holder of it is not within the statutory definition of a holder in due course, and also its sufficiency to put an ordinarily prudent purchaser on inquiry as to its true character.

Judgment affirmed.