## CHARLESTON.

HAYES PICKLESIMER, *Receiver etc. v.* JOHN L. CHAFIN

(No. 5724)

Submitted March 9, 1927.   Decided September 13, 1927.

BILLS, NOTES AND CHECKS—.

> A negotiable instrument, having a valid inception, though materially altered, may be enforced according to its original tenor by a holder in due course not a party to the alteration.
>
> (Bills and Notes, 8 C. J. § 1011.)
>
> (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mingo County.

Action by Hayes Picklesimer, receiver of the Day & Night Bank, against John L. Chafin, by notice of motion for judgment on a note. Judgment for defendant, and plaintiff brings error.

*Reversed and remanded.*

*Randolph Bias* and *Ira J. Partlow,* for plaintiff in error.
*Lafe Chafin, G. W. Crawford* and *W. H. Bronson,* for defendant in error.

LITZ, JUDGE:

This is an action by notice of motion for judgment on a promissory note for $4,000.00, dated December 24, 1924, payable to the order of W. P. T. Varney four months after date. The paper is signed Ira Coal Company (through its president W. P. T. Varney) as maker, and by said W. P. T. Varney, K. L. Varney, and John L. Chafin as endorsers. The plaintiff prosecutes error to the judgment of the circuit court upon a verdict in favor of defendants.

According to the testimony of the defendant John L. Chafin, at the time he indorsed the note it was signed by W. P. T. Varney as maker, and Varney induced him to indorse the instrument by representing that it would be used as collateral

in securing a loan for Varney; and that the note was there-after changed to its present form without his knowledge or consent.

It is shown by evidence for the plaintiff that the Day & Night Bank received the note in question from W. P. T. Varney in renewal of a note of the Ira Coal Company, in-dorsed by Varney. March 27, 1925, the State banking com-missioner closed the Day & Night Bank, and, finding it insol-vent, appointed Hayes Picklesimer receiver to wind up its affairs. The receiver took possession of the note sued as an asset of the bank.

The plaintiff insists that the trial court erred in refusing to grant him a peremptory instruction, under Section 124, Chapter 98-A Code, which provides:

> "Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided except as against the party who has himself made, authorized or assented to the alteration and subsequent indorsers; but when an instrument has been materially altered and is in the hands of the holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor."

The Uniform Negotiable Instruments Law, expressly changing the rule of the law merchant when an instrument has been materially altered, by allowing a holder in due course, not a party to the alteration, to enforce payment thereof according to its original tenor, has been enforced by numerous decisions in various States.

The defendant Chafin contends, however, that the altera-tion was of such a character as to render the instrument in-valid from its inception, and that it cannot, therefore, be enforced according to its original tenor, citing *Muse* v. *Clark*, 112 S. C. 82, 98 S. E. 850. The note sued on in that case was payable to a certain bank when endorsed by the de-fendant Clark. The bank thereafter refusing to discount the paper, the maker, without the consent of the defendant, changed the name of the payee. Holding that the note never

became enforcible according to its original tenor, the court said:

"We do not see how he (the holder) can enforce payment of the note according to the original tenor, according to which it was payable to the order of Bank of Greenwood. How could it be possible to enforce payment to the order of that bank, without making it a party to a contract which it expressly refused to enter into? We must conclude that the intention of the Legislature was that the provision above quoted (Sec. 124 Uniform Negotiable Instruments Law) should be applied only in those cases where the contract can be enforced according to its original tenor; and we can readily see how this can be done in a variety of cases, as for instance, where the alteration affects only the negotiability of the instrument, and the amount of principal or interest, and in other respects which need not be mentioned, it may be enforced according to its original tenor. But where, as in this case, it is of such a nature that if made without the consent of the parties to be charged, it deprived the contract of all legal validity in its inception, it cannot be enforced according to its original tenor. *First National Bank* v. *Gridley,* 112 App. Div. 398, 98 N. Y. Supp. 445."

A similar situation developed in the *Gridley* case, wherein the original note, payable to "Cornelius Van Cott" and four others "jointly", was altered by substituting the name of the maker C. M. Coburn for the name of Van Cott. Assuming that the plaintiff was a holder of the note in due course, the opinion in the case states:

"How is it possible to enforce payment from the defendant according to its original tenor? The note which she indorsed never had an inception and it cannot be enforced according to its 'tenor' without making Cornelius Van Cott a party to it, and the respondent does not suggest how this can be done. * * * It is utterly impossible now to give vitality to the instrument according to its tenor at the time of the defendant's indorsement."

*Public Bank of New York City* v. *Knox-Burchard Mercantile Company et al.*, 135 Minn. 171, 160 N. W. 667, is similar to the suit under consideration. In that case, the defendant, Burchard, joined with one Knox in the execution of a note payable to the order of ''ourselves'', both signing as makers and endorsers. Subsequently the instrument was altered by Knox, without the consent of Burchard, so that it purported to have been executed by the Knox-Burchard Mercantile Company as makers, and indorsed by said company, Knox, Burchard, and others. The paper was then negotiated in due course to plaintiff. In holding Burchard liable on the note according to the original tenor, the court said:

> ''According to the original tenor of the instrument, appellant (Burchard) was a maker as well as an endorser, and liable unconditionally for its payment. According to the instrument as altered, he appeared to be only an indorser, and the verdict against him was rendered on the theory that his liability was that of an indorser. He was held to no greater or different liability than he in fact assumed, and is not in condition to complain.''

Chafin indorsed the note in question for the purpose of enabling Varney to ''raise funds'' for his benefit. Being liable as indorser on the old note of the Ira Coal Company, Varney was benefited by using the new note in discharge of the old. Whether the note in question was made by the Ira Coal Company or Varney, being payable to him, his endorsement was necessary to convey title to the bank.

Judgment for defendant Chafin is reversed, the verdict in his favor set aside, and a new trial awarded the plaintiff.

*Reversed and remanded.*